SUMMARY MEMORANDUM OPINION AND ORDER; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE TRIZETTO GROUP, INC.,** Plaintiff, v. **FARMACO-LOGICA, B.V.,** Defendant. | Civil Action No. 12-cv-1443 (RLW) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff the TriZetto Group ("TriZetto") brings this action under 15 U.S.C. § 1071(b)(4), seeking review of an order from the Trademark Trial and Appeals Board ("TTAB") denying cancellation of Defendant Farmaco-Logica, B.V.'s ("Farmaco") trademark for non-use. Somewhat unconventionally, TriZetto now seeks to transfer its own case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). Having carefully considered the parties' respective briefing, and for the reasons set forth herein, the Court will **GRANT** TriZetto's Motion and will **TRANSFER** this action to the United States District Court for the Eastern District of Virginia.

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

SUMMARY MEMORANDUM OPINION AND ORDER; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

Historically, 15 U.S.C. § 1071(b)(4) provided that "the United States District Court for the District of Columbia shall have jurisdiction" over such an appeal if the adverse party resides in a foreign country, as in this case. Congress amended that statute in September 2011, however, to substitute the Eastern District of Virginia as the appropriate venue for such claims. In filing the instant case in the District of Columbia, TriZetto apparently relied upon an outdated version of the statute, and it now seeks to transfer this case to the Eastern District of Virginia to comport with the requirements of 15 U.S.C. § 1071(b)(4). (*See* Dkt. No. 6-1). Farmaco opposes TriZetto's request, principally arguing that the Court has no power to transfer the case under 28 U.S.C. § 1406(a) because it lacks jurisdiction. (Dkt. No. 9). Farmaco also argues that transferring the case under §1406(a) would not be in "the interests of justice." (*Id.*).

To begin with, Farmaco's argument that the Court cannot transfer this action without first confirming that it has personal and subject matter jurisdiction lacks merit. As the D.C. Circuit has made clear, "certain non-merits, non-jurisdictional issues may be addressed preliminarily, because 'jurisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Public Citizen v. United States Dist. Court*, 486 F.3d 1342, 1348 (D.C. Cir. 2007) (quoting *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants."). Therefore, where appropriate, courts routinely transfer cases without resolving questions of personal or subject matter jurisdiction beforehand. *See, e.g.*, *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) (collecting cases). In this case, the Court concludes that adjudicative efficiency favors resolving TriZetto's transfer request without addressing Farmaco's jurisdictional arguments.

> 28 U.S.C. § 1406(a) provides:
>
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).  Transfer under § 1406(a) is favored "when procedural obstacles impede an expeditious and orderly adjudication on the merits."  *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983).  "The decision whether a transfer or dismissal is in the interest of justice . . . rests within the sound discretion of the district court."  *Naartex*, 722 F.2d at 789.  In the instant action, the Court concludes that transferring this matter to the Eastern District of Virginia, rather than dismissing TriZetto's claims, would be in the interest of justice.

It is clear that TriZetto's decision to initially file this action in the District of Columbia was the result of an honest, inadvertent mistake—namely, its reliance on an outdated version of the recently-amended text of 15 U.S.C. § 1071(b)(4).  Congress recently amended that statute—which previously designated the District of Columbia as the district with exclusive jurisdiction over these types of claims—to substitute the Eastern District of Virginia, where Trizetto now seeks to transfer this case.  As TriZetto points out, it is not uncommon for courts to transfer § 1071(b)(4) cases after they are initially filed in the wrong district.  *See, e.g.*, *Flying Tiger Oil Co. v. Flying Tigers Line, Inc.*, 118 F.R.D. 263, 263 (D.D.C. 1988); *Cardwell v. Investor's Analysis, Inc.*, 620 F. Supp. 1395, 1398-99 (D.D.C. 1985); *Del-Viking Prods. V. Estate of Johnson*, 31 U.S.P.Q. 2d (BNA) 1063 (W.D. Pa. 1994); *E. & J. Gallo Winery v. Gandelmo*, 192 U.S.P.Q. (BNA) 210 (D.D.C. 1976).  Indeed, transfer is particularly appropriate where, as here, dismissal would effectively preclude the review of an order from the TTAB on limitations grounds.  *Cardwell*, 620 F. Supp. at 1398-99 ("If the case is not transferred, plaintiff's claims would be barred by the 60-day limitation of 15 U.S.C. § 1071(b).").  The Court finds Farmaco's remaining

SUMMARY MEMORANDUM OPINION AND ORDER; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

arguments unpersuasive and concludes that the interests of justice strongly weigh in favor of transfer of this case, rather than dismissal.

Therefore, for the foregoing reasons, TriZetto's Motion to Transfer pursuant to 28 U.S.C. § 1406(a) is **GRANTED**. The Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Eastern District of Virginia.

Date:  January 11, 2013

                                                     ROBERT L. WILKINS
                                                     United States District Judge